

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*  (203)821-3700
*157 Church Street, 25th Floor*  *Fax (203) 773-5376*
*New Haven, Connecticut 06510*  *www.justice.gov/usao/ct*

February 11, 2016

John T. Walkley, Esq.
The Law Offices of John T. Walkley
61 Cherry Street
Milford, CT 06460

Jeffrey B. Cohen, Esq.
3000 Whitney Avenue
P.O. Box 208
Hamden, CT 06518

      Re:    United States v. Ted Hakey, Jr.
                Case No. 15cr232 (MPS)

Dear Attorneys Walkley and Cohen:

      This letter confirms the plea agreement between your client, Ted Hakey, Jr. (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

      The defendant agrees to plead guilty to the indictment charging him with destruction of religious property, in violation of 18 U.S.C. § 247. The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

      a. The defendant intentionally damaged religious real property;

      b. The defendant did so because of the religious character of the property; and

      c. The offense was in or affecting interstate commerce.

*John Walkley, Esq. and Jeffrey Cohen, Esq.*
*Page 2*

## THE PENALTIES

Because the offense included the use of a dangerous weapon, the offense carries a maximum penalty of 20 years of imprisonment and a $250,000 fine In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years to begin after imprisonment. The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two years per violation with no credit for time already spent on supervised release.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on the count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (*i*) and § 3612(g).

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of restitution that may be ordered by the Court noted above, the defendant agrees to make restitution in the amount of at least $5,130.00, subject to the victims incurring additional costs.

### Forfeiture

The defendant agrees to abandon and waive all right, title, interest, and claims in and to the Springfield Armory, model M1A, .308 caliber rifle bearing serial number 145474 ("the Property"). The defendant consents to the United States' taking irrevocable custody and ownership of the Property, and further consents to the United States' disposing of the Property in any manner that the United States chooses, including but not limited to, the United States' forfeiture, use, sale, and/or destruction of the Property. The defendant henceforth waives any and all notice with respect to any motion, pleading, order, or any other action taken by the United States with respect to any such disposition of the Property.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure and disposition of the Property identified in the foregoing paragraph, including but not limited to any use, sale, or destruction of Property. The defendant also agrees to waive all common law, statutory, and constitutional claims or challenges, on any grounds, regarding the seizure and disposition of the Property, including but

*John Walkley, Esq. and Jeffrey Cohen, Esq.*
Page 3

not limited to any future use, sale, or destruction of the Property by the United States. The foregoing waiver of claims includes, but is not limited to, attorney fees and litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. ☐ 2465(b)(1).

The defendant agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. The defendant understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The above-listed recommendation is conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or

takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2H1.1(a)(3) is 10. That level is increased by three levels under U.S.S.G. § 3A1.1(a) because there is sufficient evidence for the court to conclude at sentencing beyond a reasonable doubt that the defendant intentionally selected the Baitul Aman Mosque in Meriden, Connecticut, as the object of the offense of conviction because of the religion of individuals who worship there. Two levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 11.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 11, assuming a Criminal History Category I, would result in a range of 8 to 14 months of imprisonment (sentencing table) and a fine range of $4,000 to $40,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of one year to three years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to

*John Walkley, Esq. and Jeffrey Cohen, Esq.*
Page 5

withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 14 months of imprisonment, a three-year term of supervised release, a $100 special assessment, and restitution, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right

*John Walkley, Esq. and Jeffrey Cohen, Esq.*
Page 6

not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

*John Walkley, Esq. and Jeffrey Cohen, Esq.*
Page 7

### COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

### SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the shooting of the Baitul Aman Mosque on November 14, 2015, which forms the basis of the indictment in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his guilty plea.

### NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

RAY MILLER
ASSISTANT UNITED STATES ATTORNEY

SARALA NAGALA
ASSISTANT UNITED STATES ATTORNEY

*John Walkley, Esq. and Jeffrey Cohen, Esq.*
Page 8

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____          2-11-16
TED HAKEY, JR.                                   Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____          2/11/16
JOHN WALKELY, ESQ.                               Date
Attorney for the Defendant

_____          2/11/16
JEFFREY B. COHEN, ESQ.                           Date
Attorney for the Defendant

*John Walkley, Esq. and Jeffrey Cohen, Esq.*
Page 9

## STIPULATION OF OFFENSE CONDUCT

The defendant and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the indictment.

Around 2 a.m. on November 14, 2015, officers from the Meriden, Connecticut, Police Department responded to citizen complaints about shots being fired around the area of 410 Main Street in Meriden, the location of the Baitul Aman Mosque. The Mosque is the only house of worship for members of the Ahmadiyya sect of Islam in Connecticut, and individuals from Massachusetts come to the Mosque to worship.

On Sunday, November 15, 2015, a family entered the Mosque to worship. They noticed damage to a couple of interior walls and the drop ceiling of the Mosque and called the police. Investigators determined that approximately three rounds shot from a high-powered rifle had penetrated the building, and another had hit an exterior area. They recovered one bullet in the Mosque. Another bullet was located embedded in a support beam but was not removed. One of the bullets passed through the main prayer area of the Mosque, penetrating an interior wall that separates two prayer areas, and then penetrated the exterior wall on the other side of the building. A preliminary analysis of the trajectory of the bullets indicated that they likely came from a high-powered rifle shot from the area of 380 Main Street, the house located closest to the Mosque, which is the defendant's residence.

In interviews with authorities, the defendant admitted that he had shot a Springfield M1A rifle at the Mosque on November 14, 2015. The rifle was manufactured in Illinois and the ammunition was manufactured in Taiwan; both the rifle and the ammunition thus traveled in interstate commerce prior to being used in the offense.

A few hours before shooting at the Mosque, and after learning about terrorist attacks that had occurred in Paris, France, on November 13, 2015, the defendant had posted the following status to his Facebook account:

> **Time** 2015-11-14 01:24:08 UTC
> **Story** Ted Hakey Jr updated his status.
> **Message** What is gonna be the breaking point to go "weapons free" against Islam.

"Weapons free" is a military command to shoot at will. Earlier that evening, the defendant had sent a Facebook friend a private message saying: "I hate ISLAM!." Earlier in 2015, the defendant had told a Facebook friend that he has "a mosque right next door" and that he had "observe[d] them with [his] binos [binoculars]." In the same conversation, he said "All Muslims must die!!! I hate them all." In July 2015, he posted to Facebook: "If we all kill just 1 Muslim each tonight it will make a dent!." His Facebook account had other evidence of animus toward Muslims and Islam as well.

*John Walkley, Esq. and Jeffrey Cohen, Esq.*
Page 10

    Worshippers from outside of Connecticut were unable to use the Mosque for a period of several days after the shooting, due to closure of the prayer areas for investigation.

    The written stipulation above is incorporated into the preceding plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____
TED HAKEY, JR.
The Defendant

_____
RAY MILLER
ASSISTANT UNITED STATES ATTORNEY

_____
JOHN WALKLEY, ESQ.
Attorney for the Defendant

_____
SARALA NAGALA
ASSISTANT UNITED STATES ATTORNEY

_____
JEFFREY B. COHEN, ESQ.
Attorney for the Defendant

*John Walkley, Esq. and Jeffrey Cohen, Esq.*
Page 11

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I) the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

    A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3614, 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.