UNITED STATES DISTRICT COURT
District of Connecticut

FILED
2016 JUN 24 A 9:03
US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| vs. | CASE NO. 3:15CR232 (MPS) |
| | USM NO: 23950-014 |
| TED HAKEY, JR. | |

RAYMOND F. MILLER
SARALA VIDYA NAGALA
Assistant United States Attorney

JEFFREY B. COHEN
Defendant's Attorney

**THE DEFENDANT**: pled guilty to count **1** of the indictment.

Accordingly the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 247 | Damage to Religious Property | November 14, 2015 | **one** |

The non-Guidelines sentence included a significant prison component to reflect the need to afford adequate general deterrence and to reflect the seriousness of the offense, a hate crime directed at Muslims. The defendant's very strong efforts at rehabilitation made the other purposes of sentencing less important and provided compelling evidence that the defendant presents a low risk of recidivism. Together with the defendant's lack of a significant criminal record, the defendant's post-arrest rehabilitation warranted the Court's finding that even a sentence at the bottom of the Guidelines range was greater than what was necessary to advance the purposes of general deterrence and reflect the seriousness of the offense. Upon release, the defendant is encouraged to continue his efforts to combat religious bias.

### IMPRISONMENT
The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of **6** months, with credit for time served.

### SUPERVISED RELEASE
Upon release from imprisonment, the defendant shall be on supervised release for a total term of **3** years.

The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. **The defendant shall participate in a program recommended by the U.S. Probation Office for inpatient or outpatient substance abuse treatment and testing, and approved by the Court. The defendant shall pay all or a portion of the costs associated with treatment based on his ability to pay as determined**

1

    **by the U.S. Probation Officer.**

2. **As directed by the U.S. Probation Office, the defendant shall participate in cultural competency class of at least 20 hours. Upon release, the U.S. Probation Office shall contact the Justice Education Center of West Hartford, CT concerning its Bias Crimes Diversion Project to inquire whether this would be a suitable program for Mr. Hakey to fulfill this condition. The defendant shall pay all, or a portion of, the costs associated with such classes based on his ability to pay, as determined by the U.S. Probation Office.**

3. **The defendant shall submit his person, residence, office or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.**

4. **The defendant shall not possess a firearm or other dangerous weapon.**

### CRIMINAL MONETARY PENALTIES
The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

Restitution:          $5,130.00
Special Assessment:   $100.00

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all costs and special assessments imposed by this judgment, are paid.

### FORFEITURE
The defendant will forfeit his interest in the Springfield Armory, model M1A, .308 caliber rifle, bearing serial # 145474.

The defendant shall self-surrender to the facility designated or to the local U.S. Marshal for the District of Connecticut on August 15, 2016.

### JUDICIAL RECOMMENDATIONS TO THE BUREAU OF PRISONS
That the defendant serve his term of incarceration as close to Connecticut as possible.

            June 17, 2016
            Date of Imposition of Sentence

            _____/s/_____
            Michael P. Shea
            United States District Judge
            Date: June 23, 2016


**RETURN**

I have executed this judgment as follows:
Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

                                        Brian Taylor
                                        Acting United States Marshal

                              By _____
                                        Deputy Marshal

**CERTIFIED AS A TRUE COPY**
**ON THIS DATE** _____
**ROBIN D. TABORA, Clerk**
**BY:** _____
     **Deputy Clerk**

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7)
  - (A) In a state in which the requirements of the Sex Offender Registration and Notification Act (see 42 U.S.C. §§ 16911 and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) (Pub. L. 105-119, § 115(a)(8), Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or
  - (B) In a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;
- ■ (8) The defendant shall cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

### STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within five days after such change;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
Defendant                                    Date


_____    _____
U.S. Probation Officer/Designated Witness    Date

4