ORAL ARGUMENT REQUESTED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

---------------------------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff

vs.                                                                          Case No. 3:15CR-232 (MPS)

TED HAKEY, JR.,                                               June 29, 2016

        Defendant

---------------------------------------------------------x

**MOTION TO MODIFY CONDITIONS OF
SUPERVISED RELEASE PRIOR TO IMPRISONMENT**

       Defendant Ted Hakey, Jr., through undersigned counsel, respectfully submits this motion to modify his present conditions of release. This motion is provided for the Court's consideration on behalf of Mr. Hakey for the compelling reasons stated below at number **II**.

**I. PROCEDURAL HISTORY**

       Mr. Hakey stands convicted of one count of destruction of religious property in violation of 18 U.S.C §§247, resulting from an incident that occurred November 14, 2015, he is sentenced to a period of imprisonment of six months minus approximately three weeks of credit while being detained at Wyatt Detention facility, two years of supervised

1

ORAL ARGUMENT REQUESTED

release. During the time of Mr. Hakey's release he has proven to be a model releasee pending his imprisonment; surrender date August 15, 2016.

Below are the conditions imposed upon Mr. Hakey upon his release following the detention hearing on or about January 4, 2016.

1) The defendant must not violate federal, state, or local law while on release;

2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42U.S.C. § 14135a;

3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number;

4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose;

5) The defendant is placed in the custody of his mother, Mary Hakey, of Shelton, CT;

6) The defendant must submit to supervision by and report for supervision to Probation;

7) The defendant must surrender any passport to counsel;

8) The defendant must not obtain a passport or other international travel document;

9) The defendant must abide by the following restrictions on personal association, residence, or travel: Do not leave the State of Connecticut;

10) The defendant must avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution including: anyone associated with the mosque alleged to be the victim in this case. The defendant may seek advance approval of the Court if he wishes to communicate with any alleged victim or witness;

> "At the joint request of the parties, the Court granted a request to modify Mr. Hakey's conditions of release to allow for a meeting with representatives from the Baitul Aman Mosque. That meeting took place

2

at the United States Attorney's Office in New Haven, Connecticut on March 25, 2016. On March 31, 2016, the Court granted a second motion to modify the conditions of release to allow for Mr. Hakey to attend a fund raising event for the Meriden Police Department to be held at the Baitul Aman Mosque on April 2, 2016." PSR of Mr. Ted Hakey.

11) The defendant must get medical or psychiatric treatment and shall undergo a psychological evaluation and shall engage in individual counseling at least once every two weeks;

12) The defendant must not possess a firearm, destructive device, or other weapon;

13) The defendant must not use alcohol at all;

14) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner;

15) The defendant must submit to testing for a prohibited substance if required by the pretrial services officer or supervision officer;

16) The defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer;

17) The defendant must submit to participation in home incarceration and location monitoring as directed by the pretrial services officer;

18) The defendant must report as soon as possible, to the pretrial services officer or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops;

19) The defendant shall be subject to GPS monitoring. Defendant shall be monitored for alcohol use by any means deemed appropriate by USPO;

20) The defendant shall cooperate through counsel in providing the Government with location of firearm 6mm Winchester no longer in defendant's possession.

ORAL ARGUMENT REQUESTED

## II. COMPELLING REASONS

1) Upon sentencing this Honorable Court did vacate, in its entirety, the protective order in place on behalf of the victims.

2) Mr. Hakey has proven to this Court he is capable of following the rule of law, as is evidenced by his six months (approximately) of no violations of his conditions of supervised release coupled with his lack of any prior significant criminal history.

3) Due to Mr. Hakye's transgression he has left himself and his wife in financial straits and must sell the marital residents before his imprisonment.

4) Because of the constraints, as listed above, specifically GPS monitoring, and how some of the other conditions of his release need be handled for Mr. Hakey to **not** be in violation of present said conditions; any attempt to sell his house is futile.  Simply by the nature of the home selling industry.  This counsel believes the Court is well aware selling one's home is a difficult and unpredictable process at best.  At any given time, Mr. Hakey's real estate agent shall, require Mr. Hakey at a moment's notice for prospective buyers and for countless reasons; one in particular is the age of Mr. Hakey's home, said home built in the 1800's; undoubtedly any prospective buyer will have questions his agent will likely be unable to answer.

5) Mr. Hakey has a tremendous amount of belongings that must be moved.  Not only the contents of the marital home but also several sheds of belongings on the property.

6) Undersigned counsel, discussed with Zahir Mannan, Director of Outreach, Press and Media of the Baitul Aman Masque their opinion/position of this request for **"MODIFICATION OF CONDITIONS OF RELEASE"** specifically the removal of

the constraints of GPS monitoring and other conditions of release that make his movements toward this and other lawful endeavors nearly impossible.  Not only did Mr. Mannan express the congregations desire to see the GPS and other restrictions removed, being fully aware that this counsel is representing their opinion in this instant motion. Furthermore, Mr. Mannan expressed and offered to this counsel and Mr. Hakey via telephone the services of at least (six) 6 members of the congregation to help him move his belongings.

    Another truly amazing act of kindness by the victims and another in a series of lessons for Mr. Hakey!  Short of that assistance, which through all the kindness and support received by the congregation, Mr. Hakey does not want to further burden members of the congregation.   Mr. Hakey does have reliable friends that are willing to help him as well, however his friends who plan to help do work days and would only be in a position to help Mr. Hakey after day working hours (for some of these friends, the work day ends at 7:00PM, which will require evening movement; here again, any GPS restriction could inadvertently cause a violation, which Mr. Hakey is most concerned. The defense looks to the wisdom of this Court to grant this motion or offer suggestions how to accomplish this and other burdens Mr. Hakey must contend with for his wife and himself before his period of imprisonment.

    Mr. Mannan does visit and spend many hours a day at Mr. Hakey's home, always welcome; educating him and offering him spiritual guidance. I think it is safe to assume, based on your Honors words at sentencing, your Honor vacating the protective order and taking into account Mr. Hakey's own positive actions; Mr. Hakey is no danger to members of the Mosque or any individual.

ORAL ARGUMENT REQUESTED

7) Mr. Hakey is not a flight risk. He has taken responsibility for his actions, shown true remorse; the real estate bond placed on his mother's home, over four hundred thousand dollars ($400,000) remains in force and undersigned counsel does still retain Mr. Hakey's Passport locked in counsel's vault in trust. Additionally, Mr. Hakey has no considerable time of imprisonment "hanging over his head"; an additional reason Mr. Hakey is not a flight risk.

I believe the Court, Government and Probation is aware of the significant and extraordinary steps Mr. Hakey is taking to educate himself and others. That process, despite not Court ordered, has been and continues to be Mr. Hakey's mission as is evidenced by the work he is currently doing with the Clergy of the Baitul Aman "House of Peace" Mosque. One very recent example is Mr. Hakey attending the "Interfaith Iftar Banquet" this past Saturday night, June 25th, 2016 in observance of Ramadan and its closure of the sacred observance with "braking fast." Further, Mr. Hakey does have three (3) to four (4) hour meetings at his home with members of the clergy studying spiritualism and the true teachings of Islam. Undersigned counsel can represent as a fact that one of those meetings did take place today, June 27, 2016. Undersigned counsel was not aware of today's meeting until this counsel called to speak with Mr. Hakey; at which time this counsel was advised of same. Said meeting lasted about there (3) hours and was not, as has never been, prompted by undersigned counsel.

For the above listed reasons, as well as any others that the Court may find appropriate and just, Ted Hakey, Jr. respectfully submits above stated conditions of **release are no longer necessary**, **their usefulness is moot** and moves this court to order the removal of said GPS devise and impose the least restrictive means possible so Mr.

6

Hakey can make the necessary arrangements one must make prior to a period of imprisonment.  However, the undersigned, does want this, **"MOTION TO MODIFY CONDITIONS OF RELEASE"** <u>continue to be conditioned on continued substance abuse treatment counseling including but not limited to testing for alcohol consumption, continued educational outreach directed at religious tolerance, and any other conditions this Honorable Court deems necessary to achieve the above goal; sufficient and not greater than necessary to achieve the desired end</u>.

### III.  POSITION OF THE U.S. ATTORNEY AND OFFICE OF PROBATION

Undersigned counsel did in fact make contact and did discuss with; Attorney Ray Miller from the U.S. Attorney's Office and Nicole Owens From the Office of Probation, regarding this instant motion.  The position of both parties, and what the parties have no objection to is a curfew of 9:00AM to 6:00PM with GPS monitoring.

As stated, it is the defense' position; despite the fact the position of the Government and Probation does relieve some restriction, it is still believed by the defense that said position will present great difficulty and perhaps the impossibility of achieving Mr. Hakes's most needed end.

Additionally, the defendant is aware when one commits a crime the consequences of that action often put the convicted in a hardship position that the Court need not necessarily take into account.  Unless there exists, extra ordinary circumstances as is evinced here or the consequences shall directly affect an individual not a party to the matter.  In this case, that party being his wife, she will suffer more, based on Mr. Hakes's own act if not able to take the necessary steps in preparation of his imprisonment.

7

ORAL ARGUMENT REQUESTED

**WHEREFORE;**

For all of the foregoing reasons, defendant respectfully requests that this Court grant this request for modification of his current conditions of release, specifically, order the removal of GPS location device and curfew so as to achieve these ends so his transition in and out of imprisonment will be easier, specifically for the purpose of his continued assistance to the Clergy of the Baitul Aman "House of Peace" Mosque in educating those that continue to harbor animus toward true Islam and it's teachings.

By: _____
    Jeffrey B. Cohen, Esq.
    His Attorney
    3000 Whitney Ave
    Suite 208
    Hamden, CT  06518
    Telephone: (866) 239-1359
    Facsimile: (475) 441-7914
    Email: jbc.esq@comcast.net
    Federal Bar No.  ct27073

ORAL ARGUMENT REQUESTED

**CERTIFICATION**

I hereby certify that on June 29, 2016, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.